## BALDASSARRE v. PENNSYLVANIA R. CO.

Circuit Court of Appeals, Sixth Circuit.
February 17, 1928.

No. 4810.

1. **Master and servant** ⬤�ാ265(1)—**Brakeman, suing for injuries, had burden of showing evidence of prebilling fixation of character of shipment as interstate (Employers' Liability Act [45 USCA §§ 51–59]).**

Railroad yard brakeman, suing under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), had burden of showing evidence that foreign destination of cars of steel beams being handled was fixed in mind of shipper from moment they left mill track, even though cars had not been weighed or billed.

2. **Master and servant** ⬤➠276(1)—**Evidence held to show railroad yard brakeman injured was not engaged in interstate commerce when hurt (Employers' Liability Act [45 USCA §§ 51–59]).**

In action under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), by railroad yard brakeman, injured by coupling shock, evidence *held* to show that he was not engaged in interstate commerce when hurt, so that act was not applicable.

3. **Witnesses** ⬤➠400(1)—**Railroad brakeman, suing under Employers' Liability Act, was not absolutely bound by his witness' testimony that there was no loaded car in cut in question (45 USCA §§ 51–59).**

Railroad yard brakeman, suing for injuries under Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), was not absolutely bound by testimony of his witness that there was no loaded car in cut in question, since plaintiff in such situation is at liberty to insist that his witness is mistaken.

4. **Master and servant** ⬤➠284(1)—**Though Employers' Liability Act did not apply, injured brakeman was entitled to go to jury on jurisdictional basis of diverse citizenship, if he made case otherwise (45 USCA §§ 51–59).**

Where petition of railroad yard brakeman, suing for injuries, alleged diverse citizenship and also case under Employers' Liability Act (45 USCA § 51–59; Comp. St. §§ 8657–8665), he was entitled to go to jury on jurisdictional basis of diverse citizenship, even though act did not apply, if he had otherwise made case, and it was error to instruct verdict on ground that plaintiff was not engaged in interstate commerce when hurt.

In Error to the District Court of the United States for the Northern District of Ohio; Paul Jones, Judge.

Action by Ross W. Baldassarre against the Pennsylvania Railroad Company. Verdict was directed against plaintiff, and he brings error. Reversed.

W. A. O'Grady, of Wellsville, Ohio, for plaintiff in error.

Norman A. Emery, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. Plaintiff below, plaintiff in error here, was a yard brakeman for defendant railroad and was injured by a coupling shock. His petition alleged diverse citizenship and also a case under the federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665). The court below directed a verdict against him, on the ground that he was not engaged in interstate commerce when hurt.

[1-3] On this point the record is very confused. The utmost that can be claimed for plaintiff is that the general operation in intermittent progress was the hauling of cars loaded with steel beams from the steel mill industrial track out past the railroad yard scales to the general outgoing railroad yard track, and that five cars thus being handled to the scales did that day or the next start on an interstate journey. It is clear that at the time of the accident no one of these cars had been weighed or billed; it is possible that their foreign destination was fixed in the mind of the shipper from the moment they left the mill track; and it is possible that, if the destination was thus fixed, the interstate trip had then begun, though this test would leave the railroad, before billing, ignorant as to the character of its traffic, and we do not judge that criterion. At any rate, there is no evidence of any such prebilling fixation of character, and, if important at all, it was for plaintiff to show. We find no error in the court's conclusion as to the applicability of the Employers' Liability Act, though this conclusion seems to have been based on the premise that plaintiff was absolutely bound by the testimony of his witness that there was no loaded car in this cut. This premise was unsound; plaintiff in such a situation is at liberty to insist that his witness is mistaken. American Co. v. Hyman (C. C. A. 6) 16 F.(2d) 39, 43.

[4] However, if plaintiff had otherwise made a case, he was entitled to go to the jury on the jurisdictional basis of diverse citizenship, and it was error to instruct a verdict. Counsel for the defendant says in his printed brief that there was no jurisdiction on this ground; but his assertion is disproved by the record. If it is justified by something which occurred below and has not been returned, defendant's counsel must carry the responsibility for such a record omission.

We observe also that the record was ap-

parently made up with sole reference to the question of interstate commerce, and without observing that it should tend to show actionable negligence. While, of course, the instruction was right if there was no proof of negligence, yet we think it unsafe and premature to consider that subject on this record.

For the error specified, the judgment is reversed.

KNAPPEN, Circuit Judge, concurs in the result.