## SHAUBERGER v. ERIE R. CO.

Circuit Court of Appeals, Sixth Circuit.
April 3, 1928.

No. 4920.

Commerce ⬅27(7)—Engineer of switching engine, injured while distributing cars, held not employed in interstate commerce (Employers' Liability Act [45 USCA §§ 51–59]).

Engineer of switching engine, injured while distributing cars in yard, none of which were shown to be in use in interstate commerce, *held*, not employed in such commerce within Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665).

[Ed. Note.—For other definitions, see Words, and Phrases, First and Second Series, Interstate Commerce.]

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Elwin D. Shauberger against the Erie Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Ben F. Levin and Winch, Lurie, Addams & Burke, all of Cleveland, Ohio, for plaintiff in error.

B. D. Holt, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

DENISON, Circuit Judge. Plaintiff in error, also plaintiff below, brought this action

to recover for personal injuries suffered in a switching yard derailing while he was engineer for the defendant. The case was rested upon the Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665); the trial court held that there was no evidence tending to show that plaintiff was engaged in interstate commerce at the time of his injury and directed a verdict against him; and this ruling presents the only question before us. Train No. 109 had brought into the yard of the defendant at Franklin, Pa., a number of cars which were to be distributed in the yard. There is no evidence that any car thus brought in was awaiting delivery to complete an interstate journey. Thereupon, defendant's yard switching engine, in charge of a local switching crew and including the plaintiff as engineer, took a cut of these cars and began to distribute, in order to spot each one where it was intended to go. With two exceptions, all the cars in the cut had been unloaded and had not been assigned for any further transportation service. As to some of them, the train crew had instructions to spot them on the New York Central track in, or in connection with, this same yard, and later that day, or within the next day or two, three or four of them were shipped out by the New York Central Railroad; but the placing of them on the New York Central track did not constitute any appropriation to interstate commerce. From this point fifty miles of the New York Central tracks are in Pennsylvania before reaching the state line, and no one of these cars had been assigned to any particular transportation by the New York Central.

Of the exceptions, one car was loaded with brake beams. It apparently should be assumed that it had been loaded at Franklin, because at the time of the accident it was not yet billed. It was later that day billed to Buffalo, N. Y.; but there is no proof that at this time its destination was definitely fixed by the shipper, much less was known to the railroad. Clearly, the handling of this car at this time was not interstate commerce. The other exception was a car loaded with coke, which had come from a Pennsylvania point and was for delivery to a factory having a yard track at Franklin. A vacant car, also unassigned, was standing on this side track and was in the way. The immediate movement of this last cut of cars, which was backing into the side track with the coke car leading, contemplated that it back in, couple the empty car to the coke car and pull it out, push the empty car onto another track, and then push the coke car into its plant destination. In the course of this movement the derailment occurred.

We think it clear that the plaintiff cannot recover. If the characteristic dominance is to be found in the immediate movement, having reference to setting out this coke car, plainly it was intrastate. If, on the other hand, we may look to a larger unit and consider the whole matter of spotting this cut of cars where they respectively belonged (a hypothesis which we do not pass upon) still the interstate character of the movement fails to appear. Among our recent decisions, this case is to be classified with Grigsby v. Southern, 3 F.(2d) 988, and Baldesarre v. Penn. R. R., 24 F.(2d) 201, February 17, 1928, rather than with Youngstown v. Halverstodt, 12 F.(2d) 995, and Sullivan v. Wabash, 23 F.(2d) 323, January 3, 1928.

The judgment is affirmed.